IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRED HOPKINS,                                *

      Plaintiff,                          *

      v.                                       *   CIVIL ACTION NO.  WDQ-14-2786

THE MAYOR AND                               *
CITY COUNCIL OF BALTIMORE,
                                *

      Defendants.

                                *
                        *****

### MEMORANDUM

On September 2, 2014, Fred Hopkins, a resident of Baltimore, Maryland, filed this self-represented action against the Mayor and City Council of Baltimore.[1]  He alleges that his civil rights were violated when--in March 2011--Baltimore city employees destroyed the house next to his home and caused damage to his house.  ECF No. 1 at 2.  He complains that the city did not inform him of the damage and the city did repairs to his house without his permission.  Hopkins states that he "did not know about the filing requirements."  *Id.*  Hopkins has moved to proceed *in forma pauperis*.  ECF No. 2.  Because he appears indigent, he shall be granted leave to proceed without the prepayment of the $400.00 civil filing fee.  His Complaint shall, however, be summarily dismissed.

Under 18 U.S.C. § 1915,[2] federal courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted.  Accordingly, numerous courts have performed

---

[1] Although she is included as a plaintiff in the complaint caption, Deborah Hopkins has not signed the Complaint or indigency motion.  Consequently, her name has not been included as a party plaintiff.

[2] The statute provides, *inter alia*:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid,
    the court shall dismiss the case at any time if the court determines that ... (B) the
    action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which

a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Bridgeford v. Morgan*, No. PJM–13–2253, 2014 WL 204339, at *2 (D. Md. Jan. 17, 2014).[3]

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, Hopkins is proceeding *pro se*. When reviewing a *pro se* complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (*quoting Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss Hopkins's Complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, Hopkins's Complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, Hopkins must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

---

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2)(B).

[3] *See also Fogel v. Blake*, 227 Fed. Appx. 542, at *1 (8th Cir. 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B); *Evans v. Albaugh*, No. 3:13-CV-11, 2013 WL 5375781 (N.D. W.Va. Sept. 25, 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

Upon generous construction of the Complaint, the Court finds that Hopkins has failed to state a claim entitling him to relief. He cannot make out a civil rights case by stating legal conclusions or using constitutional "buzz" words or phrases. The only factual claims, raised in general terms, sound in tort. Hopkins has not alleged any deprivations stating a jurisdictional basis for a civil rights claim under this Courts's 28 U.S.C. § 1343 jurisdiction.

Even assuming Hopkins's underlying claims set out a colorable claim under 42 U.S.C. § 1983, which they do not, his cause of action is time-barred. When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id.* at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101 (West 2014).

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* Here, Hopkins should have known of his alleged constitutional injuries in March of 2011, when the City allegedly damaged his house. *See* ECF No. 1 at 2. Because he failed to file the instant

Complaint within the three-year limitation period, he is now barred from consideration of his claims.

For the aforementioned reasons, the Court hereby dismisses the case for failure to state a claim.  A separate Order follows.

_9/15/14_
Date

_____

William D. Quarles, Jr.
United States District Judge